■ In the Matter of WAYNE COOPERIDER, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [8 NYS3d 501]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of possession of alcohol and possession of contraband. The charges stemmed from a search of petitioner's cube that revealed two containers of homemade alcohol. Although other inmates had access to the area where the containers were found, a reasonable inference of possession arises where, as here, the area where the contraband was discovered is within petitioner's control (see Matter of Velez v Prack, 122 AD3d 1041, 1041-1042 [2014]; Matter of Sweet v Poole, 48 AD3d 867, 868 [2008]). This inference, together with the misbehavior report and petitioner's testimony at the hearing, provide substantial evidence to support the determination of guilt (see Matter of Starling v New York State Dept. of Corr. & Community Supervision, 123 AD3d 1195, 1196 [2014]; Matter of Sweet v Poole, 48 AD3d at 868; Matter of Vento v Goord, 41 AD3d 1123, 1123 [2007]). Furthermore, petitioner's contention that he was denied the right to call witnesses is not preserved for our review given his failure to object at the hearing (see Matter of Robinson v Annucci, 122 AD3d 981, 982 [2014]). In any event, his request for character witnesses was properly denied (see Matter of Elias v Fischer, 118 AD3d 1193, 1194 [2014]).

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.